

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-13,739-06

### EX PARTE MICHAEL JEROME CLARK, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 1366492-B IN THE 177TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Applicant was convicted of capital murder and sentenced to life imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Clark v. State,* No. 14-15-00840-CR (Tex. App. — Houston[14th Dist], Aug. 11, 2016). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that newly availably scientific evidence entitles him to relief under Texas Code of Criminal Procedure Article 11.073. Specifically, the results of DNA testing presented at trial identified Applicant as the sole contributor to a DNA profile obtained from the perpetrator's cap. But additional DNA testing, using technology not previously available, was completed in Sept. 2021. It

identifies the DNA profile of an alternative suspect and part of a third DNA profile. Applicant also asserts that there was a reasonable likelihood that false testimony from a DNA examiner affected the judgment of the jury. He acknowledges that the earlier DNA reports were correct based on the science available at the time of trial, but he asserts that intervening scientific developments demonstrate that those results gave the jury a false impression.

The trial court concludes that the 2021 DNA report constitutes relevant scientific evidence. Texas Code of Criminal Procedure Article 11.073(a). The report was not available at the time of trial. It would have been admissible. If the results had been presented at trial, on a preponderance of the evidence Applicant would not have been convicted of capital murder. Therefore, Applicant is entitled to a new trial.

We agree. Relief is granted. The judgment in cause number 136649201010 in the 177th District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: December 13, 2023
Do not publish